HICKS v. MERRY.

JUNE TERM
1836.

Hicks
v.
Merry

In an action for unlawful detainer, brought under the statute, before two J. of the P. the evidence given or rejected and the decisions of the J. thereon, form no part of the record, or proceedings subject to be reversed by the cir. ct.—when brought before them by certiorari.

APPEAL from St. Louis circuit court.

Merry the appellee, brought an action before two justices of the peace, against Hicks the appellant, (and another who was not served with process,) for an unlawful detainer of a house and lot in St. Louis. The justices gave judgment for Merry, which on certiorari was affirmed in the circuit court and from the circuit court, Hicks has appealed to this court.

*Statement of the case.*

DARBY and HAMILTON, for appellant.

Reasons for reversing the judgment &c. in this cause:
1. Because the justices had no jurisdiction.
2. Because this was a proceeding almost exclusively upon title, and the justices proceeded in the cause, and permitted the same to go to the jury, contrary to the provisions of the statute in such case made and provided, overruling the motion of the defendant's attorney to stop the proceedings.

Counsel for appellee:
The errors assigned in the circuit court are not within the provisions of the act of 1825, under which the proceedings were had. The evidence given or rejected, and the decisions of the justices thereon, form no part of the record, process or proceedings. A bill of exceptions could not be taken, and much less will the statment of the justices be received.—See Scholer v. Smith and others, 2 Mo. Dec. 416; Rev. C. 1825, 398.

Opinion delivered by WASH, Judge.
The objections insisted on by the appellant's counsel cannot be raised. The evidence given or rejected, and the decisions of the justices thereon, form no part of the record, process or proceedings to be reviewed in the circuit court; these appear in due form and to have been taken in proper time, and it is only for want of some formality in the proceedings, or for some defect in the process, that the judgment of the justices is to be set aside. The judgment is affirmed with costs, and it is ordered that a writ of restitution be awarded to the appellee.